UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIAS WEXLER, ZERO INTERNATIONAL
REALTY CO., INC., ZERO OHIO, LLC, ZERO
AMERICA LATINA, LTD., ZERO ASIA PACIFIC
LTD., and ZERO EAST, LTD.,

                          Plaintiffs,

          - against -

ALLEGION (UK) LIMITED and SCHLAGE LOCK
COMPANY, LLC,

                          Defendants.

**OPINION AND ORDER**

16 Civ. 2252 (ER)

---

Ramos, D.J.:

      Elias Wexler ("Wexler"), Zero International Realty Co., Inc. ("Zero Realty"), Zero Ohio, LLC ("Zero Ohio"), Zero America Latina, Ltd. ("Zero Latina"), Zero Asia Pacific Ltd. ("Zero Asia"), and Zero East, Ltd. ("Zero East," and collectively, "Plaintiffs")[1] brought this action against Allegion (UK) Limited ("Allegion UK") and Schlage Lock Company, LLC ("Schlage," and collectively, "Defendants") on February 29, 2016 in the Supreme Court of the State of New York, Bronx County. On March 28, 2016, Defendants removed the case to this Court. Now pending before the Court is Plaintiffs' motion to remand the case back to state court and to award Plaintiffs their costs and expenses incurred as a result of removal. For the reasons discussed below, Plaintiffs' motion is DENIED.

---

[1] Wexler is the sole shareholder and President of Zero Realty, the majority member and President of Zero Ohio, and the 51% shareholder and President of each of Zero Latina, Zero Asia, and Zero East. Complaint ("Compl.") (Doc. 2, Ex. A) ¶¶ 9–13.

**I. BACKGROUND**

Wexler is an entrepreneur and engineer who, for thirty-five years, served as the President and CEO of Zero International, Inc. ("Zero International"), a Bronx company known for creative, effective, and affordable approaches to construction material needs in the acoustical, fireproofing, and door-hardware fields.  Compl. ¶ 28.  On February 19, 2015, Defendants acquired Zero International pursuant to an Asset Purchase Agreement ("APA") executed by Defendants, Wexler, and certain other parties.  *Id.* ¶ 44.  Wexler's employment with Zero International continued after the acquisition:  Wexler stayed on as "President Emeritus – Zero Group International" from approximately April 1, 2015 through September 17, 2015.  *Id.* ¶¶ 50, 53.  On or about September 17, 2015, Wexler was terminated, told to pack up his belongings, and escorted from the building by two security guards.  *Id.* ¶¶ 69–73.  Wexler subsequently received a letter indicating that he was terminated as part of a "reduction in force."  *Id.* ¶ 81.

On February 29, 2016, Plaintiffs brought this action against Defendants in New York State Supreme Court, Bronx County, alleging age discrimination in violation of New York State and City law, defamation, breach of contract, unjust enrichment, and conversion.  *Id.* ¶¶ 125–183.  Plaintiffs seek damages in excess of $10 million, as well as certain declaratory and injunctive relief.  *Id.* at 26–27.  On March 28, 2016, Defendants removed the case to this Court on the basis of diversity jurisdiction.  Notice of Removal ("Notice") (Doc. 2).  Following a pre-motion conference on May 10, 2016, Plaintiffs filed a motion to remand the case back to state court.  Defendants oppose the motion.[2]

---

[2] Also pending before the Court are Defendants' motion to seal the APA, Doc. 15, and Defendants' motion to dismiss Counts I, II, III, VII, and VIII of the Complaint, Doc. 18.  The APA was temporarily sealed pending the Court's decision on Defendants' motion to seal.  Briefing on Defendants' motion to dismiss was stayed pending the Court's decision on Plaintiffs' motion to remand.

2

## II. LEGAL STANDARD

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2011). The Second Circuit has made clear that federal courts should construe this statute narrowly, resolving any doubts against removability, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994). "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)). The party seeking removal bears the burden of proving that the jurisdictional and procedural requirements of removal have been met. *Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 436 (S.D.N.Y. 2006) (citing *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III. DISCUSSION

Plaintiffs argue that remand is warranted for three alternative reasons: <u>first</u>, because Defendants contractually waived their right to removal; <u>second</u>, because complete diversity among the parties is lacking; and <u>third</u>, because Defendants' Notice of Removal is defective. The Court addresses each of these arguments in turn.

**A. Defendants' Purported Waiver**

Plaintiffs argue that Defendants expressly waived their right to remove this case to federal court in the forum selection clause of the parties' APA. Pls.' Mem. (Doc. 23) at 4–7. That clause provides, in relevant part:

> EACH PARTY (A) CONSENTS TO THE PERSONAL JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED IN NEW YORK, NEW YORK (AND ANY CORRESPONDING APPELLATE COURT) IN ANY PROCEEDING ARISING OUT OF OR RELATING TO ANY TRANSACTION DOCUMENT, (B) WAIVES ANY VENUE OR INCONVENIENT FORUM DEFENSE TO ANY PROCEEDING MAINTAINED IN SUCH COURTS, AND (C) EXCEPT AS OTHERWISE PROVIDED IN THIS AGREEMENT, AGREES NOT TO INITIATE ANY PROCEEDING ARISING OUT OF OR RELATING TO ANY TRANSACTION DOCUMENT IN ANY OTHER COURT OR FORUM.

APA (Doc. 20) ¶ 13.7. Defendants argue that the forum selection clause restricts only their right to claim that venue is improper or inconvenient and does not prohibit removal. Defs.' Opp'n Mem. (Doc. 24) at 6–13. The Court agrees with Defendants.

"[I]t is well established in this Circuit that waiver of a party's statutory right to remove a case to federal court must be clear and unequivocal." *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F. Supp. 2d 124, 128 (E.D.N.Y. 2004) (citing *Karl Koch Erecting Co. v. N.Y. Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir. 1988)); *see also Vista Food Exch., Inc. v. Champion Foodservice, L.L.C.*, No. 14 Civ. 804 (RWS), 2014 WL 3857053, at *3 (S.D.N.Y. Aug. 5, 2014). Construing forum selection clauses nearly identical to the one in this case, a number of courts in this Circuit have found that removal was not clearly and unequivocally waived. *See Osmose Utils. Servs., Inc. v. Hish*, No. 13 Civ. 310 (WMS), 2013 WL 1625408, at *2–4 (W.D.N.Y. Apr. 15, 2013); *Rabbi*, 342 F. Supp. 2d at 125–26; *GMAC Commercial Mortg. Corp. v. LaSalle Bank Nat'l Ass'n*, 242 F. Supp. 2d 279, 280–81 (S.D.N.Y. 2002); *Cong. Fin.*

*Corp. v. Bortnick*, No. 00 Civ. 6361 (WHP), 2000 WL 1634248, at \*1–3 (S.D.N.Y. Oct. 31, 2000).³

In *Congress Financial Corp.*, for example, the district court considered whether defendants waived their right of removal in a forum selection clause providing, in part, that each of them "irrevocably consents and submits to the non-exclusive jurisdiction of the Supreme Court of the State of New York in New York County and the United States District Court for the Southern District of New York and waives any objections based on venue or *forum non conveniens* with respect to any action instituted therein." 2000 WL 1634248, at \*1. The court noted that there was no language mandating that plaintiff's selection "exclude the other specified New York court." *Id.* at \*2. Moreover, speaking specifically to the defendants' waiver of their venue and inconvenient forum defenses, the court explained: "The fact that [defendants] waived 'any objection based on venue or *forum non conveniens*' does not impair the vitality of their right of removal. While venue relates to the convenience and fairness of a chosen forum, jurisdiction relates to the power of a court to decide a case or controversy before it." *Id.* Accordingly, the court found that nothing in the clause established that the defendants "evinced a clear indication to waive their right of removal," and denied the plaintiff's motion to remand. *Id.* at \*2–3.

Similarly, in *GMAC Commercial Mortgage Corp.*, the district court considered a forum selection clause providing that the parties "irrevocably submit to the jurisdiction" of "the courts of the State of New York sitting in the borough of Manhattan or of the United States District Court for the Southern District of New York," and that the parties "waive, to the fullest extent

---

³ Plaintiffs cite one case in this Circuit finding that similar language in a forum selection clause evinced a party's intention to waive its right to removal. *See Lancer Ins. Co. v. MKBS, LLC*, No. 08 Civ. 3724 (SJF) (ETB), 2008 WL 5411090 (E.D.N.Y. Dec. 22, 2008). Putting aside Defendants' argument that *Lancer* misapplied case law from the Fifth Circuit, *see* Defs.' Opp'n Mem. at 12–13, the Court finds that the weight of the authority in this Circuit compels the conclusion that Defendants did not waive their right to removal in this case.

5

permitted by law, any right to remove any such action or proceeding by reason of improper venue or inconvenient forum." 242 F. Supp. 2d at 281. Noting that the clause did not contain "clear language of election, vesting in Plaintiff the right to choose a particular court," the court found that defendants had not waived their right to remove the case to federal court. *Id.* at 283.

Here, as in *Congress* and *GMAC*, the forum selection clause in the parties' APA prohibits only the parties' ability to raise a venue or inconvenient forum defense, and nothing therein specifies that Plaintiffs may force Defendants into one New York court at the exclusion of another. Accordingly, the Court finds that Defendants did not waive their right to remove this case.[4]

### B. Diversity Jurisdiction

In their opening brief, Plaintiffs argued that Defendants had not sufficiently proven that they could maintain this action in federal court on the basis of diversity jurisdiction, because Allegion UK's state of citizenship could be New York, where Wexler also resides. Pls.' Mem. at 8–9. In response, Defendants submitted certifications from John Stanley, Allegion UK's Company Director, and S. Wade Sheek, Schlage's Secretary, setting forth additional facts going to Defendants' place of citizenship. *See* Certification of John Stanley in Opposition to Plaintiffs' Motion to Remand ("Stanley Cert.") (Doc. 25); Certification of S. Wade Sheek in Opposition to Plaintiffs' Motion to Remand ("Sheek Cert.") (Doc. 26).[5] On reply, Plaintiffs do not dispute any of the facts set forth by Defendants, but reserve the right to challenge the evidence proffered by Defendants during the course of discovery. Pls.' Reply Mem. (Doc. 29) at 10. As Plaintiffs

---

[4] In light of the Court's finding that Defendants did not waive their right to removal, the Court need not decide Defendants' alternative argument that the forum selection clause does not apply to this proceeding. *See* Defs.' Opp'n Mem. at 14–16.

[5] "In analyzing whether subject matter jurisdiction exists, the Court is permitted to look to materials outside of the pleadings." *Gurney's Inn Resort & Spa Ltd. v. Benjamin*, 743 F. Supp. 2d 117, 120 (E.D.N.Y. 2010).

6

appear to concede, Defendants have satisfied their burden of proving that the jurisdictional requirements of removal have been met.

Allegion UK is a UK private limited company. Stanley Cert. ¶ 2. Accordingly, it is treated as a corporation for the purposes of diversity subject matter jurisdiction, *SHLD, LLC v. Hall*, No. 15 Civ. 6225 (LLS), 2015 WL 5772261, at *2 (S.D.N.Y. Sept. 29, 2015), and is "deemed to be a citizen of . . . the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c). In *Hertz Corp. v. Friend*, the Supreme Court concluded that the phrase, "principal place of business," refers to "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." 559 U.S. 77, 80–81 (2010). The Court explained:

> [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Id.* at 93; *see also St. Paul Fire & Marine Ins. Co. v. Scopia Windmill Fund, LP*, 87 F. Supp. 3d 603, 605 (S.D.N.Y. 2015) ("[T]he test focuses on where a corporation's 'high-level' decisions are made, not where day-to-day activities are managed.").

Allegion UK's headquarters is located in England. Stanley Cert. ¶ 2. All of its approximately sixty employees work in England. *Id.* ¶ 4. All of its bank accounts are located in the United Kingdom, all of its books and records are maintained in the United Kingdom, and all of its corporate tax returns are filed in the United Kingdom. *Id.* ¶¶ 7–9. Allegion UK has one corporate officer (a corporate Secretary) who works in Ireland. *Id.* ¶ 6 n.1. But the company's most senior employees, who direct, control, and coordinate all of the company's operations and

activities, work in England.  *Id.* ¶¶ 5–6.  On the basis of these facts, the Court concludes that for purposes of diversity jurisdiction, Allegion UK is a citizen of England.

Schlage is a Delaware limited liability company.  Sheek Cert. ¶ 3.  For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members.  *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000).  Schlage has three members, all of which are Delaware corporations with their principal places of business in Indiana.  Sheek Cert. ¶ 4.  Therefore, for purposes of diversity jurisdiction, the Court concludes that Schlage is a citizen of Delaware and Indiana.

Wexler is a citizen of New York.  Compl. ¶ 8. Zero Realty is a citizen of New York, as it is a New York corporation with its principal place of business in New York.  *Id.* ¶ 9.  Zero Ohio is a citizen of New York, as it is a limited liability company, and Wexler is its majority member.  *Id.* ¶ 10.  Zero Latina is a citizen of Chile, as it is a Chilean corporation with its principal place of business in Chile.  *Id.* ¶ 11.  Zero Asia is a citizen of Japan, as it is a Japanese corporation with its principal place of business in Japan.  *Id.* ¶ 12.  And Zero East is a citizen of the United Arab Emirates, as it is a United Arab Emirates corporation with its principal place of business in the United Arab Emirates.  *Id.* ¶ 13.

Because no Plaintiff is a citizen of England, Delaware, or Indiana, and there is no dispute that the amount in controversy exceeds $75,000, the Court has original subject matter jurisdiction over this case.  28 U.S.C. § 1332(a).

### C.  The Technical Defects in Defendants' Notice of Removal

Finally, Plaintiffs argue that remand is warranted because of certain technical defects in Defendants' Notice of Removal.  Pls.' Mem. at 7–8.  Local Civil Rule 81.1 sets forth the information such a notice is required to contain:

> If the Court's jurisdiction is based upon diversity of citizenship, and regardless of whether or not service of process has been effected on all parties, the notice of removal shall set forth (1) in the case of each individual named as a party, that party's residence and domicile and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332; (2) in the case of each party that is a partnership, limited liability partnership, limited liability company, or other unincorporated association, like information for all of its partners or members, as well as the state or other jurisdiction of its formation; . . . and (5) the date on which each party that has been served was served. If such information or a designated part is unknown to the removing party, the removing party may so state, and in that case plaintiff within twenty-one (21) days after removal shall file in the office of the Clerk a statement of the omitted information.

Plaintiffs identify two deficiencies with respect to Defendants' Notice: (1) the Notice does not identify for Schlage, the state or other jurisdiction of its formation; and (2) the Notice does not set forth the date on which Schlage was served. Pls.' Mem. at 7. Defendants do not dispute that their Notice is technically defective, but argue that neither of these omissions affect the Court's jurisdiction. Defs.' Opp'n Mem. at 17. The Court agrees.

"A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001); *see also Wight v. BankAmerica Corp.*, 219 F.3d 79, 85–86 (2d Cir. 2000) ("[I]t is the business of the district court to determine whether fairness demands that noncompliance ["with the Local Rules (which are not statutes)"] be excused."). This discretion applies to a party's failure to comply with the requirements of Local Civil Rule 81.1. *Fulfree v. Manchester*, 182 F.3d 899 (2d Cir. 1999) (finding no abuse of discretion where the district court granted defendant leave to amend its notice to add specificity regarding citizenship), *aff'g* No. 95 Civ. 7723 (DC), 1996 WL 1997 (S.D.N.Y. Jan. 3, 1996).

Here, although Defendants' Notice did not specify the date on which Schlage was served, there is no dispute that the Notice was timely filed. *See* 28 U.S.C. § 1446(b)(1) (providing that a

9

notice of removal must be filed within 30 days after the receipt by the defendant of the complaint); Certification of E. David Smith in Support of Plaintiffs' Motion to Remand ("Smith Cert.") (Doc. 22), Ex. C (reflecting that Schlage was served on March 7, 2016); Notice ¶ 3 (reflecting that Allegion UK was served on March 17, 2016); *id.* (filed on March 28, 2016). Moreover, as explained above, the Court is satisfied that Defendants have met their burden of establishing diversity of citizenship between the parties. Accordingly, the Court will not remand the case due to the technical defects identified by Plaintiffs. *See Gurney's Inn Resort & Spa Ltd. v. Benjamin*, 743 F. Supp. 2d 117, 127 n.9 (E.D.N.Y. 2010) (denying motion to remand where there was no dispute that the notice of removal was timely filed and that the parties were completely diverse); *Hearst Magazines v. Stephen L. Geller, Inc.*, No. 08 Civ. 11312 (LLS), 2009 WL 812039, at *3 (S.D.N.Y. Mar. 25, 2009) (same); *Fulfree*, 1996 WL 1997, at *1–2 (same).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for remand is DENIED, as is their corresponding request for costs and expenses pursuant to 28 U.S.C. § 1447(c). The Clerk of the Court is respectfully directed to terminate the motion, Doc. 21.

The stay of briefing with respect to Defendants' motion to dismiss Counts I, II, III, VII, and VIII of the Complaint is lifted. Plaintiffs' response to Defendants' motion is due by **December 12, 2016**, and Defendants' reply is due by **December 27, 2016**.

It is SO ORDERED.

Dated:   November 9, 2016
         New York, New York

                                                          _____
                                                          Edgardo Ramos, U.S.D.J.